IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUMMUS TECHNOLOGY LLC,<br><br>                      Plaintiffs,<br><br>v.<br><br>LUMMUS CORPORATION, doing business as LUMMUS AG TECHNOLOGY,<br><br>                      Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Lummus Technology LLC, by its attorneys, Fish & Richardson P.C., for its Complaint against Defendant, Lummus Corporation, doing business as Lummus Ag Technology, alleges as follows:

## THE PARTIES

1. Plaintiff, Lummus Technology LLC ("Plaintiff" or "Lummus Technology"), is a Delaware limited liability company with its principal place of business at 5825 North Sam Houston Parkway West, Suite 600, Houston, Texas 77086.

2. Upon information and belief, Defendant, Lummus Corporation ("Defendant" or "Lummus Corporation"), doing business as Lummus Ag Technology, is a Delaware corporation with its principal place of business at 225 Bourne Boulevard, Savannah, Georgia 31408.

## NATURE OF THE ACTION

3. This is an action for unfair competition and false designations of origin in violation of Section 43(a)(1)(A) of the United States Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a), as amended, for injury to business reputation and trademark and service mark dilution in violation of 6 Del. C. § 3313, for deceptive trade practices in violation of

1

6 Del. C. § 2532, and for related claims of unfair competition, trade name infringement and trademark infringement under common law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338, as it involves claims arising under the Lanham Act, 15 U.S.C. §1051, *et seq.*, as amended, combined with related claims of common law trade name and trademark infringement and unfair competition under state laws. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over claims arising under Delaware state laws.

5. The Court has personal jurisdiction over Defendant based upon the fact that Defendant is a Delaware corporation and conducts business in the State of Delaware.

6. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) because Defendant is a Delaware corporation, Defendant conducts business in this district, the claims arise in this district, and acts of infringement have taken place and are continuing to take place in this district.

## FACTS

### LUMMUS TECHNOLOGY Name and Mark

7. Lummus Technology is a global leader in the development and implementation of process technologies. The company was founded in 1907. The first process technology developed by the company was the production of transportation fuels from bio-feeds such as molasses. During its early years, Lummus Technology initially developed and produced specialized equipment, such as pot stills and condensers, distillation columns, heat exchangers and fractionating equipment, and later expanded to developing innovative process technologies

and designing, engineering and constructing complex process equipment, plants and facilities around the world.

8. Today, Lummus Technology is the leading licensor of proprietary petrochemical, refining, polymer, gasification and gas processing technologies, and a supplier of catalysts, proprietary equipment and related design, engineering, technical, and consulting services to customers worldwide, including in the fields of energy transition and environmental sustainability/circular economy. Lummus Technology is now a leader in providing economically and technically sound solutions for processing solid wastes containing plastics, processing renewable bio-based feedstocks into value-added chemicals, polymers and fuels, decarbonizing refinery and petrochemical assets, and producing green and blue hydrogen and biofuels.

9. Since it was founded in 1907, Plaintiff has used LUMMUS as the principal name of its business and the principal trademark for its goods and services. Since at least as early as 1987, and long prior to the acts of Defendant complained of herein, Plaintiff adopted and commenced using LUMMUS TECHNOLOGY as the trade name for its process technology business division. Over time, Plaintiff's business became known as LUMMUS TECHNOLOGY and, in December 2007, long prior to the acts of Defendant complained of herein, Plaintiff changed its corporate name to LUMMUS TECHNOLOGY INC., and later in December 2017, to LUMMUS TECHNOLOGY LLC when the business was converted into a limited liability company.

10. Since at least as early as December 2007, and long prior to the acts of Defendant complained of herein, Plaintiff has been and is now conducting its business under the trade name LUMMUS TECHNOLOGY. Plaintiff's LUMMUS TECHNOLOGY name is and has been so commonly used by Plaintiff and others to identify Plaintiff and its business that Plaintiff is now

and, since long prior to the acts of Defendant complained of herein, has been generally known and referred to among the trade and the public as LUMMUS TECHNOLOGY throughout the United States and around the world.

11. Since at least as early as December 2007, and long prior to the acts of Defendant complained of herein, Plaintiff adopted and commenced use of, and has ever since used, LUMMUS TECHNOLOGY as a service mark for, among other things, engineering, construction, technical and consulting services in the field of oil refineries, power plants, and chemical, petrochemical, oil, natural gas, gas, and other process and industrial plants and manufacturing and processing units, the licensing of specialized equipment and processes used in the same, the installation, testing, and repair of equipment used in the same, the processing and treating of materials, physical testing services, chemical testing services, and chemical process development and quality improvement services.

12. Since at least as early as June 2008, and long prior to the acts of Defendant complained of herein, Plaintiff adopted and commenced use of, and has ever since used, LUMMUS TECHNOLOGY as a trademark for, among other things, chemicals, catalysts, and other chemical products for refining and hydrocarbon processing in the chemical, petrochemical, petroleum refining, metallurgical, nuclear and plastic industries, machines and machine tools, motors and engines, machine coupling and components, chemical and petroleum distillation and refinery apparatus for distilling and refining chemicals and oils and appurtenant power plant and equipment, oil burners, oil heaters, heat exchangers, distillation columns, flash evaporation tanks, condensers, steam generators, steam ejectors, delayed coking units, and structural parts therefor.

13. Since the adoption and use of the LUMMUS TECHNOLOGY mark as aforesaid, and since long prior to the acts of Defendant complained of herein, Plaintiff expanded its use of LUMMUS TECHNOLOGY as a trademark and service mark to, among other things, goods and services in the fields of decarbonization of refinery and petrochemical assets, the processing, production and manufacture of biofuels, blue hydrogen, green and blue olefins and polymers, and chemicals, polymers and fuels from renewable bio-based feedstocks, and the licensing of specialized equipment, machinery and chemical and petrochemical processes for the processing and production of biofuels and chemicals derived from bio-based and recycled feedstocks.

14. Since long prior to the acts of Defendant complained of herein, Plaintiff has advertised and promoted its business, goods and services in the United States and around the world under the LUMMUS TECHNOLOGY name and mark, and the sales of its goods and services under the LUMMUS TECHNOLOGY name and mark have been tremendous and widespread, resulting in a company valued at billions of dollars.  Plaintiff has cultivated enormous and valuable goodwill and reputation in the LUMMUS TECHNOLOGY brand.

15. By virtue of the widespread sales, advertising and promotion of Plaintiff's business, goods and services, and the excellence of the business, goods and services themselves, Plaintiff's LUMMUS TECHNOLOGY name and mark is indelibly associated with Plaintiff in the minds of the trade and the public, and is recognized and relied upon as identifying Plaintiff as the source of the business, goods and services with which it is used and as distinguishing its business, goods and services from the business, goods and services of others.

16. On November 15, 2007, Plaintiff filed applications to register the LUMMUS TECHNOLOGY A CB&I COMPANY L & Globe Design mark which were registered in the United States Patent and Trademark Office, as shown below:

| Mark | App. Ser. No. | Filing Date | Reg. No. | Reg. Date | Classes |
|---|---|---|---|---|---|
| Lummus Technology a CB&I company | 77330878 | Nov. 15, 2007 | 4118799 | Mar. 27, 2012 | 1 |
| Lummus Technology a CB&I company | 77/980,522 | Nov. 15, 2007 | 3,888,066 | Dec. 7, 2010 | 7, 11 |
| Lummus Technology a CB&I company | 77979391 | Nov. 15, 2007 | 3812180 | June 29, 2010 | 35, 36, 37, 40, 42, 45 |

17.  On November 16, 2007, Plaintiff filed applications for International Registrations of the LUMMUS TECHNOLOGY A CB&I COMPANY L & Globe Design mark based on the above U.S. applications, which were granted and thereafter extended to countries around the world.  On November 16, 2007, and thereafter, Plaintiff filed national applications for, and obtained registrations of, the LUMMUS TECHNOLOGY A CB&I COMPANY L & Globe Design mark in countries around the world.

18.  While the LUMMUS TECHNOLOGY A CB&I COMPANY L & Globe Design mark was later phased out, Plaintiff did not cease use of LUMMUS TECHNOLOGY, which has been in continuous use to the present.

19.  On June 26, 2020, Plaintiff filed Application Serial No. 90/022,082 to register the LUMMUS TECHNOLOGY & Design mark shown below in the United States Patent and Trademark Office for its goods and services in Classes 1, 7, 11, 37, 40, 42, and 45:



Plaintiff is the owner of Application Serial No. 90/022,082, and the LUMMUS TECHNOLOGY & Design mark shown therein, and of all rights granted thereby and all business and goodwill connected therewith in the United States.

20.     Plaintiff filed Application Serial No. 90/022,082 in connection with the imminent launch of Plaintiff's new website on July 1, 2020. Plaintiff launched the website and commenced use of the LUMMUS TECHNOLOGY & Design mark for its business, goods, and services on July 1, 2020, and since then has continuously used the LUMMUS TECHNOLOGY & Design mark as the signature mark for its business and for all of its goods and services in the United States and around the world.

21.     On May 27, 2022, Plaintiff filed additional applications to register the LUMMUS TECHNOLOGY word mark and LUMMUS TECHNOLOGY & Design mark, as set forth below (collectively with Application Serial No. 90/022,082, the "LUMMUS TECHNOLOGY Applications"):

| Mark | App. Ser. No. | Filing Date | Classes |
|---|---|---|---|
| LUMMUS TECHNOLOGY | 97/433,016 | May 27, 2022 | 1, 7, 11, 37, 40, 42, 45 |
| LUMMUS TECHNOLOGY (& Design) | 97/433,017 | May 27, 2022 | 1, 7, 11, 37, 40, 42, 45 |

22.     The LUMMUS TECHNOLOGY Applications are pending. Plaintiff is the owner of each of them, and the LUMMUS TECHNOLOGY word mark and LUMMUS TECHNOLOGY & Design marks shown therein, and of all of the business and goodwill connected therewith.

**DEFENDANT'S UNLAWFUL CONDUCT**

23. Upon information and belief, Defendant has used LUMMUS as its name and mark since 1910 for its business of manufacturing and selling cotton ginning machinery. For most of the past century, the parties co-existed peacefully under their respective LUMMUS names and marks until 2009.

24. In 2009, Defendant's Chinese registration of the LUMMUS mark in Class 7 for machines and machine tools partially blocked Plaintiff's application to register its LUMMUS mark in China for "machines and machine tools and condensers, parts of machines" in Class 7.

25. In 2009, Defendant's Chinese registration of the LUMMUS mark in Class 7 for machines and machine tools blocked the Chinese extension of Plaintiff's International Registration of its mark LUMMUS TECHNOLOGY A CB&I COMPANY L & Globe Design in Class 7 in its entirety.

26. From July 2009 through February 2012, the parties attempted to negotiate a worldwide co-existence agreement. The parties never reached an agreement on co-existence.

27. Since as early as 2009, and since long prior to the acts of Defendant complained of herein, Defendant had actual knowledge of Plaintiff's prior and longstanding use of LUMMUS TECHNOLOGY as the principal name and mark for its business, goods and services.

28. Since as early as February 2010, and since long prior to the acts of Defendant complained of herein, Defendant had actual knowledge that Plaintiff's and Defendant's fields of business overlap, including, without limitation, with respect to biofuels and the biofuel and agrichemical industries.

29. Notwithstanding Plaintiff's long prior use of LUMMUS TECHNOLOGY, the valuable goodwill associated therewith, and Defendant's actual knowledge thereof, Defendant

adopted in or around 2020, and now uses, the virtually identical name and mark LUMMUS AG TECHNOLOGY for its principal cotton ginning business unit.

30. Plaintiff first became aware of Defendant's use of the LUMMUS AG TECHNOLOGY name and mark on or around December 22, 2021, when a civil subpoena that was intended for Defendant was mistakenly delivered to Plaintiff. Shortly thereafter, Plaintiff became aware that an online business-to-business directory also confused the companies operating under the virtually identical names LUMMUS TECHNOLOGY and LUMMUS AG TECHNOLOGY and wrongly listed Leon de Bruyn, *Plaintiff's* president and chief executive officer, as *Defendant's* president and chief executive officer:



*See* Exhibit A, which is a true and correct copy of screenshots from ZoomInfo.com.

31. Following those instances of actual confusion, Plaintiff sent a letter to Defendant on May 27, 2022, demanding that Defendant cease use of the LUMMUS AG TECHNOLOGY name and mark and offering Defendant a reasonable period of time in which to transition to a new name and mark that is not confusingly similar to Plaintiff's LUMMUS TECHNOLOGY name and mark.  In a letter dated June 30, 2022, Defendant rejected Plaintiff's demand and offer, despite previously acknowledging the overlap between the parties' services.

32. Since Defendant's rejection of Plaintiff's demand to change its LUMMUS AG TECHNOLOGY name and mark, Plaintiff became aware of additional instances of actual confusion in the marketplace in which trade representatives and consumers contacted Plaintiff wrongly thinking that they were contacting Defendant.

33. Since Defendant began using the LUMMUS AG TECHNOLOGY name and mark, at least four individuals mistakenly submitted messages that were intended for Defendant through *Plaintiff's* Contact page at https://www.lummustechnology.com/Contact, despite the prominent display of Plaintiff's LUMMUS TECHNOLOGY & Design mark on that page. One such message on Plaintiff's Contact page from a customer of Defendant was specifically addressed to the president of Defendant Lummus Corporation:

> Comments: to the president "Lummus" Corporation Mr. RUSSELL SUTTON Dear Russel Sutton Please, look for an opportunity to update a copy of the technical data sheet for the mini gin (40 sawn) and the document for the linter. Since in 1998 we bought the equipment, the mini cotton ginning plant "Lummus" was bought from the US Lummus Corporation. This equipment is a mini cotton plant plant 52 pieces box packing is stored in our warehouse. Due to the fire at our office, we lost all documents, technical passport for mini gin and linter. and we need documents. Therefore, we kindly ask you to restore a copy of this mini gin and linter equipment. best regards [redacted] Republic of Kyrgyzstan tel mobile [redacted] e-mail: [redacted]

*See* Exhibit B, which is a collection of true and correct redacted copies of misdirected messages received by Plaintiff but intended for Defendant.

34. LUMMUS AG TECHNOLOGY so closely resembles Plaintiff's LUMMUS TECHNOLOGY name and mark that, when used in connection with Defendant's business, goods and services, it is likely to continue to cause confusion, to cause mistake, and to deceive with consequent injury to Plaintiff, the trade, and the public.

35. Based on the close similarity of the LUMMUS TECHNOLOGY and LUMMUS AG TECHNOLOGY name and marks, alone and in the above design formats, and the overlap between the parties' goods and services, the trade and the public are likely to believe falsely that Defendant's business operating under the LUMMUS AG TECHNOLOGY name and mark is the same as, is a subsidiary or affiliate of, or is otherwise related to or associated with Plaintiff, or that the technology, goods and services offered by Defendant are licensed, approved, or sponsored by or otherwise connected with Plaintiff.

36. Based on the close similarity of LUMMUS TECHNOLOGY and LUMMUS AG TECHNOLOGY name and marks alone and in the above design formats, Defendant's use of the

LUMMUS AG TECHNOLOGY name and mark is likely to injure Plaintiff's business reputation and dilute the distinctive quality of Plaintiff's prior used LUMMUS TECHNOLOGY name and mark.

## COUNT I
### Unfair Competition and False Designations of Origin in Violation of Section 43(a) of the U.S. Trademark Act

37. Plaintiff repeats and realleges the allegations of paragraphs 1 – 36 of the Complaint as though fully set forth herein.

38. Plaintiff owns prior common law rights in the LUMMUS TECHNOLOGY name and mark, which are distinctive and identify Plaintiff's business and Plaintiff's goods and services offered thereunder throughout the United States, including in Delaware.

39. Plaintiff's ownership and use in commerce of LUMMUS TECHNOLOGY are superior to and predate any use of LUMMUS AG TECHNOLOGY by Defendant.

40. Defendant's use of the LUMMUS AG TECHNOLOGY name and mark complained of herein for its business, goods and services constitutes the use of false designations of origin which have caused and are likely to continue to cause confusion and mistake, and to deceive consumers into falsely believing that Defendant and its business are affiliated, connected or associated with Plaintiff, or that Defendant's goods, services and commercial activities originate with Plaintiff or are sponsored, licensed, authorized, or otherwise approved by Plaintiff.

41. Defendant uses LUMMUS AG TECHNOLOGY as a trade name and mark in commerce in connection with the advertising, distribution, offering for sale, and/or sale of Defendant's goods and services, which overlap with Plaintiff's goods and services offered under the LUMMUS TECHNOLOGY name and mark pertaining to the processing, manufacture and production of biofuels and biochemicals, the processing, manufacture and production of

chemicals, polymers, and fuels from renewable bio-based or recycled feedstocks, and engineering, research, consulting and licensing services in the field of biofuel refining with respect to biofuels and the biofuel and agrichemical industries.

42. Defendant's actions constitute unfair competition and the use of false designations of origin, false descriptions and false representations used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendant's unlawful acts, which were committed and continue to be committed with knowledge of Plaintiff's prior common law trade name and trademark rights in LUMMUS TECHNOLOGY, are knowing, willful, and done in bad faith.

44. Defendant's unlawful acts have caused irreparable injury to Plaintiff, for which there is no adequate remedy at law, and will continue to cause irreparable harm to Plaintiff unless enjoined.

45. Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff.  Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but to be determined at trial.

### COUNT II
### Trade Name and Trademark Dilution and Injury to Business Reputation
### Under Delaware Trademark Act, 6 Del. C. § 3313

46. Plaintiff repeats and realleges the allegations of paragraphs 1 – 45 of the Complaint as though fully set forth herein.

47. As described above, Plaintiff owns common law rights in the LUMMUS TECHNOLOGY name and mark throughout the United States, including in Delaware, in connection with Plaintiff's business, goods and services that predate Defendant's use of LUMMUS AG TECHNOLOGY.

48. The LUMMUS TECHNOLOGY name and mark is distinctive and achieved such distinctiveness before Defendant began its unlawful conduct complained of herein.

49. Given the virtual identity between the marks, the longstanding use and distinctiveness of the LUMMUS TECHNOLOGY name and mark, and instances of actual confusion occurring after Defendant's recent adoption and use of LUMMUS AG TECHNOLOGY as a trade name and mark, Defendant's use of LUMMUS AG TECHNOLOGY has caused a false association between LUMMUS AG TECHNOLOGY and LUMMUS TECHNOLOGY that is likely to cause injury to the business reputation of Plaintiff and likely to dilute the distinctiveness of the LUMMUS TECHNOLOGY name and mark.

50. Defendant's actions complained of herein constitute a violation of the Delaware Trademark Act, 6 Del. § 3313 and entitle Plaintiff to injunctive relief prohibiting Defendant from using LUMMUS AG TECHNOLOGY as a trade name or mark.

## COUNT III
### Likelihood of Confusion and Passing Off under Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532

51. Plaintiff repeats and realleges the allegations of paragraphs 1 – 49 of the Complaint as though fully set forth herein.

52. Plaintiff owns common law rights in the LUMMUS TECHNOLOGY name and mark throughout the United States, including in Delaware.

53. Defendant's activities complained of herein constitute unfair competition and deceptive trade practices under Section 2532 of the Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532(a)(1)–(3).

54. As described above, Defendant's use of LUMMUS AG TECHNOLOGY in connection with a business similar to Plaintiff's business and in connection with similar and

13

related goods as Plaintiff's goods and services offered under the LUMMUS TECHNOLOGY mark has caused actual confusion and mistake in the marketplace. Defendant's continued use of LUMMUS AG TECHNOLOGY is likely to cause consumers to believe, mistakenly, that Defendant's goods and services are the same as Plaintiff's goods and services, or approved, affiliated, associated, or connected with Plaintiff and/or Plaintiff's LUMMUS TECHNOLOGY branded goods and services.

55. Defendant's unlawful acts, which were committed and continue to be committed with knowledge of Plaintiff's prior common law trade name and trademark rights in LUMMUS TECHNOLOGY, are knowing, willful, and done in bad faith.

56. Defendant's unlawful acts have caused irreparable injury to Plaintiff, for which there is no adequate remedy at law, and will continue to cause irreparable harm to Plaintiff unless enjoined.

57. Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff. Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but to be determined at trial.

## COUNT IV
### Common Law Unfair Competition and Trade Name and Trademark Infringement

58. Plaintiff repeats and realleges the allegations of paragraphs 1 – 57 of the Complaint as though fully set forth herein.

59. As described above, Plaintiff owns common law rights in the LUMMUS TECHNOLOGY trade name and mark in connection with Plaintiff's business, goods and services throughout the United States, including in Delaware.

60. Defendant's use, without the consent of Plaintiff, of the LUMMUS AG TECHNOLOGY name and mark in connection with Defendant's business and with the

advertising, distribution, offering for sale and/or sale of Defendant's goods or services has caused, and is likely to continue to cause, confusion and mistake, and to deceive as to the origin or source, sponsorship, or approval, or affiliation of such goods and services.

61. Defendant's activities described herein, including its use of the LUMMUS AG TECHNOLOGY name and mark to promote its business, goods and services, constitutes unfair competition and trade name and trademark infringement under the common laws of the State of Delaware.

62. Defendant's unlawful acts have been committed with knowledge of Plaintiff's prior rights in the LUMMUS TECHNOLOGY name and mark.

63. Defendant's unlawful acts have caused irreparable injury to Plaintiff, for which there is no adequate remedy at law, and will continue to cause irreparable harm to Plaintiff unless enjoined.

64. Upon information and belief, Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff.  Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LUMMUS TECHNOLOGY LLC, seeks relief as follows:

1. In favor of Plaintiff and against Defendant on all of Plaintiff's claims;

2. Enjoining and restraining Defendant, its officers, agents, servants, employees, attorneys and all others in active concert or participation with Defendant permanently from:

   a. Using LUMMUS AG TECHNOLOGY, or any colorable imitation thereof, as a name or mark on or in connection with the marketing, advertising, promoting, or offering of Defendant's business, goods and services;

   b. Using LUMMUS with the word TECHNOLOGY or abbreviations of the word TECHNOLOGY, such as, without limitation, the word TECH, as a name or mark on or in connection with the marketing, advertising, promoting, or offering of Defendant's business, goods and services;

   c. Using any name, mark or designation similar to the LUMMUS TECHNOLOGY name and mark that is likely to cause confusion, mistake or deception on the part of consumers as to the origin, sponsorship, affiliation, or approval of Defendant's business, goods or services;

   d. Using any name, mark or designation that is likely to cause dilution of Plaintiff's LUMMUS TECHNOLOGY name and mark or injury to Plaintiff's business reputation;

   e. Unfairly competing with Plaintiff in any manner whatsoever;

   f. Committing any other act or making any other statement or using any other design that infringes or dilutes Plaintiff's LUMMUS TECHNOLOGY name and mark or constitutes an act of infringement, dilution, unfair competition, or deceptive trade practice under federal law, the laws of the State of Delaware, or common law.

  3. Requiring Defendant to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, catalogs, brochures, promotional materials, and all other materials in the possession or control of Defendant that bear any designation or design enjoined by Paragraphs 2(a) – 2(f) in this Prayer for Relief, or any other designation, device, or design that is confusingly similar to the LUMMUS TECHNOLOGY name and mark or likely to dilute the distinctive quality of the LUMMUS TECHNOLOGY name and mark;

4.      Ordering Defendant to file with this Court and serve on Plaintiff within thirty (30) days after service of such injunction, a written report under oath pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.      Requiring Defendant to account for and pay over to Plaintiffs all of Defendant's profits and all damages sustained by Plaintiff;

6.      Trebling the amount of damages awarded Plaintiff under common law pursuant to 6 Del. C. §2533(c);

7.      Declaring this an exceptional case in light of Defendant's knowing and willful infringement of LUMMUS TECHNOLOGY and awarding Plaintiff its attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1117 and 6 Del. C. § 2533(b); and

8.      Awarding Plaintiff such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury as to all issues triable by jury.


Dated:  January 31, 2023                                FISH & RICHARDSON P.C.


                                                        By: */s/ Warren K. Mabey, Jr.*
                                                            Warren K. Mabey, Jr. (No. 5775)
                                                            FISH & RICHARDSON P.C.
                                                            222 Delaware Avenue, 17th Floor
                                                            P.O. Box 1114
                                                            Wilmington, DE 19899-1114
                                                            Telephone: 302-652-5070
                                                            Facsimile:  302-652-0607
                                                            mabey@fr.com

OF COUNSEL:

Edmond R. Bannon
Catherine H. Stockell
Kristen McCallion
Vivian Cheng
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, New York 10036
Telephone:  (212) 765-5070
Facsimile:  (212) 258-2291
bannon@fr.com
stockell@fr.com
mccallion@fr.com
cheng@fr.com

ATTORNEYS FOR PLAINTIFF
LUMMUS TECHNOLOGY LLC